## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYVANIA

| | |
|---|---|
| MEGAN H. LEEDERS, | Civil Action No. |
| Plaintiff, | |
| v. | COMPLAINT |
| WELLS FARGO BANK, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, GREEN TREE SERVICING, LLC, and KROLL FACTUAL DATA, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

### PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer, Megan H. Leeders, against Wells Fargo Bank N.A., Experian Information Solutions, Inc., Trans Union, LLC, Green Tree Servicing, LLC, Kroll Factual Data, Inc., and Green Tree Servicing, Inc. (collectively "Defendants"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as amended, and the Fair Debt Collection Practices Act, (hereafter the "FDCPA"), 15 U.S.C. §§ 1692,  *et seq.*

### THE PARTIES

2.     Plaintiff Megan H. Leeders is an adult individual residing in Pocono Lake, Pennsylvania.

3.     Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 123 South Broad Street, Philadelphia, PA 19109.

4.      Defendant, Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 5 Century Drive, Parsippany, NJ 07054.

5.      Defendant, Trans Union, LLC ("Trans Union"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.      Defendant, Equifax Information Services, LLC ("Equifax"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

7.      Defendant, Green Tree Servicing, LLC ("Green Tree"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 345 St. Peter Street, Saint Paul, MN 55102.

8.      Defendant, Kroll Factual Data, Inc. ("Kroll"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 5200 Hahns Peak Drive, Loveland, CO 80538.

## JURISDICTION & VENUE

9.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

11.     In or around July 2009, Plaintiff Megan H. Leeders fell behind on the mortgages on two properties she owned in Laveen, Arizona and Sun City, Arizona, due to financial difficulties resulting from a death in Plaintiff's family.

12.     On or about October 1, 2009, the mortgage on the Laveen property was sold by the original lender, GMAC, Inc., to Defendant Green Tree while Plaintiff was still behind on her payments and in default.

13.     Green Tree regularly purchases mortgages when they are in default.

14.     Plaintiff negotiated short sale agreements with Green Tree for the Laveen property, and Wells Fargo, the mortgage lender for the Sun City property.

15.     No foreclosure proceeding was filed relating to either the Laveen property or the Sun City property.

16.     Defendants Experian, Trans Union, Equifax, and Kroll have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

17.     The inaccurate information includes, but is not limited to, inaccurately reporting a "foreclosure" in connection with the GMAC and Wells Fargo loans.

18.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

19.     Defendants Experian, Trans Union, Equifax, and Kroll have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

20.     Plaintiff has disputed the inaccurate information with Defendants Equifax, Experian, and Trans Union by following each Defendant's established procedures for disputing consumer credit information.

21.     Plaintiff has disputed the inaccurate information with Equifax, Experian and Trans Union from July 2013 through the present.

22.     Notwithstanding Plaintiff's efforts, Equifax, Experian and Trans Union have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Equifax and Trans Union continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Equifax, Experian and Trans Union have repeatedly published and disseminated consumer reports to such third parties from at least July 2013 through the present.

23.     Notwithstanding Plaintiff's disputes, Defendants Wells Fargo and Green Tree have also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, and have continued to report such inaccurate information to various credit reporting agencies.

24.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to report on the results of its reinvestigations to all credit reporting agencies, and have continued to report the derogatory inaccurate information about the Plaintiff.

25.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

26.     Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the

4

inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendants by such third parties from at least July 2013 through the present

27.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

28.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

29.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT I – EQUIFAX, EXPERIAN, TRANS UNION AND KROLL VIOLATIONS OF THE FCRA

30.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31.     At all times pertinent hereto, Equifax, Experian,  Trans Union, and Kroll were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

32.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

33.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

34.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax, Experian, Trans Union, and Kroll are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

35.     The conduct of Equifax, Experian, Trans Union, and Kroll was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax, Experian, Trans Union, and Kroll are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – WELLS FARGO AND GREEN TREE VIOLATIONS OF THE FCRA

36.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.     At all times pertinent hereto Wells Fargo and Green Tree were "persons" as that term defined by 15 U.S.C. § 1681a(b).

38.     Wells Fargo and Green Tree violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

39.     The conduct of Wells Fargo and Green Tree was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Wells Fargo and Green Tree are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT III – GREEN TREE
## VIOLATIONS OF THE FDCPA

40.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41.     Defendant Green Tree is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

42.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

43.     The above disputes by Plaintiff, as well as the reporting of the inaccurate information to credit reporting agencies by Defendant Green Tree are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5).

44.     Defendant Green Tree violated FDCPA Sections 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

   a.   The false representation of the amount, character or legal status of a debt;

   b.   Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

   c.   Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

45.     Defendant Green Tree's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

46.     As a result of the above violations of the FDCPA, Defendant Green Tree is liable to Plaintiff in the amount of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

47.     Plaintiff demands trial by jury on all issues so triable.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the

Defendants, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o and as

to Defendant Green Tree pursuant to 15 U.S.C. 1692k(a)(3); and

(e)    Such other and further relief as may be necessary, just and proper.


Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**


BY:    _/s/ John Soumilas_____
         JOHN SOUMILAS
         LAUREN KW BRENNAN
         Land Title Building, 19th Floor
         100 South Broad Street
         Philadelphia, PA 19110
         (215) 735-8600

         Attorneys for Plaintiff

Dated: September 12, 2014

8